## MARSHALL

*v.*

## PIDGEON.

*(Supreme Court of Appeals of Virginia, Oct. 8, 1873.)*

**Contract for Sale of Land—Case at Bar.**

'In 1860, McGuire sold a tract of land to Pidgeon for $4,250.00, payable in annual instalments of $600 a year, for five successive years and the balance to be divided into five more instalments. The purchaser was put into the possession in 1861. In 1862, he paid $600, the first instalment. After this he made no further payments; was insolvent and his whereabouts unknown. McGuire, after making diligent inquiry as to the whereabouts of Pidgeon, sold the land in 1867 to Cross. Subsequently the same land was sold by Ward as trustee to Marshall to satisfy a trust deed upon the land. Pidgeon then filed his bill to specifically enforce his contract with McGuire making the above-named parties defendants: *held*:

**Same—Suit to Enforce—Failure of Bill to State Equity.**

1. That Pidgeon's bill failed to make out a case which entitled him to the intervention of a court of equity, since it was very apparent that he had abandoned his contract for the purchase of the land.

**Same—Same—Case at Bar.**

2. That he was compensated from the rents and profits of the land for the $600 paid in discharge of the first instalment of the purchase price.

**Equity Practice—Cross Bills.**

3. That the bill so far as Pidgeon is concerned will be dismissed but retained so as to give Cross the opportunity to file a cross bill in order to litigate his rights between himself and his co-defendants.

Appeal from circuit court of Frederick county.

*Conrad & Son*, for appellant.

*Barton & Boyd*, *Hunter & Holliday*, for appellee.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that upon the pleadings and proofs in this cause, the appellee, Pidgeon, has failed to make out a case which entitles him to the intervention of a court of equity.

It is very apparent that he has abandoned his contract with McGuire, and never would have asserted any claim under it, but for the fact that the land was sold to Cross at a larger price than the one he agreed to pay McGuire.

Pidgeon had paid towards the purchase money he contracted to pay only the sum of $600.00, in Confederate money. For this amount he was more than compensated by the rents and profits, for three years at least, the timber sold from the land, and the wheat crop of which McGuire was entitled to a share, but which was not accounted for by Pidgeon.

The court is therefore of opinion that the bill of Pidgeon (if the controversy has been alone between Pidgeon, McGuire and Marshall) ought to have been dismissed at the hearing. And this court would now dismiss the said bill if these were the only parties interested in this litigation. But the land having been afterwards sold to Cross and the possession delivered to him, and he being in possession at the time the land was purchased by Marshall at the sale made by the trustee, Ward, and Marshall and Cross being co-defendants in the suit brought by Pidgeon, the court will not now dismiss the bill of Pidgeon but retain it for the purpose of giving Cross the opportunity of filing a cross bill in said suit, if he thinks proper to do so, in order to litigate between himself and Marshall (who are co-defendants in this suit brought by Pidgeon), their respective equities and the privi-

ties of the same in respect to the said tract of land.   It is therefore decreed and ordered that the decree of the circuit court of Frederick be reversed and annulled and that the appellee Pidgeon pay to the appellant his costs expended in the prosecution of his writ of supersedeas here.   And the cause is remanded to the said circuit court with leave to the said I. L. Cross to file his cross bill in said cause for the purpose of litigation between himself and the appellant Marshall, his co-defendant, their respective equities and their privities with respect to the said tract of land sold by McGuire to Cross and afterwards purchased by Marshall at the sale made by Ward, the trustee.